**MEMO ENDORSED**

L ANDMAN C ORSI B ALLAINE & F ORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

120 BROADWAY

13TH FLOOR

NEW YORK, NEW YORK 10271

TELEPHONE (212) 238-4800

FACSIMILE (212) 238-4848

www.lcbf.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/30/2023__

DANIEL S. MORETTI
MEMBER
TEL: (212) 238-4835
EMAIL: dmoretti@lcbf.com

One Gateway Center 22nd Floor
Newark, NJ 07102
Tel: (973) 623-2700

One Penn Center
1617 JFK Boulevard, Suite 955
Philadelphia, PA 19103
Tel: (215) 561-8540

300 Delaware Avenue Suite 210
Wilmington, DE 19801
Tel: (302) 514-6901

**RENEWED NOTICE OF RELATED CASES AND REQUEST TO TRANSFER**

November 29, 2023

**Via ECF**

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Hon. Phillip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Judge Román GRANTS Defendants' request to have this case *Marungo v. Coletti, et al.*, 7:23-cv-9655 (NSR) reassigned to Judge Halpern, with his consent, as related to *Doe v. King, et al.*, 7:20-cv-2331 (PMH). Clerk of the Court is requested to terminate the motions at ECF Nos. 5, 6 and 15.**
**Dated: November 30, 2023**
**White Plains, NY**

SO ORDERED:

*/s/ Nelson S. Román*
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re: Later Filed Case: *Marungo v. Coletti, et al.*, 7:23-cv-9655 (NSR)
   Earlier Filed Case: *Doe v. King, et al.*, 7:20-cv-2331 (PMH)

Dear Judge Roman and Judge Halpern:

We represent Defendants in both of the above-referenced lawsuits. We write in accordance with Local Civil Rule 1.6(a) and Rule 13 of the Rules for the Division of Business Among District Judges, S.D.N.Y. ("Division of Business Rules") to notify the Court that the two actions are related, if not duplicative, and to respectfully request that the Later Filed Case, *Marungo v. Coletti, et al.*, 7:23-cv-9655 (NSR), therefore be reassigned to Judge Halpern to avoid undue burden and unnecessary duplication of expense and effort by the parties and the Court.

Defendants previously made this same application on November 27, 2023 [7:20-cv-2331 at ECF at 213, 7:23-cv-9655 at ECF 5]. On November 29, 2023, Judge Halpern denied this application without prejudice to renewal following service and appearances by counsel on behalf of Defendants in the Later Filed Case [7:20-cv-2331 at ECF 218]. Counsel for Defendants served their notices of appearance in the Later Filed Case filed on November 28, 2023 [7:23-cv-9655 at

4880-7656-5396v.1

ECF 7, 8], and executed and filed waivers of service on behalf of Defendants on November 29, 2023 2023 [7:23-cv-9655 at ECF 9-14]. As such, Defendants are renewing their request to reassign the Later Filed Case to Judge Halpern.

### Background and Procedural Posture

The Later Filed Case is *Marungo v. Coletti, et al.* 7:23-cv-9655, which Plaintiff just commenced on November 2, 2023, and is assigned to Judge Roman. Defendants first received notice of the Later Filed Case when Plaintiff emailed the undersigned counsel on November 17, 2023, and requested waiver of service. Defendants are considering Plaintiff's request to waive service and have not yet answered or otherwise responded to the complaint in the Later Filed Case. The operative complaint in the Later Filed Case is the Amended Complaint, filed on November 20, 2023 [7:23-cv-9655 at ECF 4].

The Earlier Filed Case is *Doe v. King et al.*, 7:20-cv-2331, which Plaintiff commenced on March 16, 2020, and is assigned to Judge Halpern. Discovery in the Earlier Filed Case was completed as of November 30, 2022 [7:20-cv-2331 at ECF 136], and the parties fully submitted cross-motions for summary judgment on August 24, 2023 [7:20-cv-2331 at ECF 183-194], which motions are pending decision. The operative complaint in the Earlier Filed Case is the Second Amended Complaint, filed on August 20, 2020 [7:20-cv-2331 at ECF 39].

As discussed further below, both cases allege that Defendants violated Plaintiff's constitutional rights and falsely imprisoned her when they sought to discharge her from an inpatient rehabilitation facility over the objections of her healthcare proxies.

### Applicable Rules

Local Civil Rule 1.6 creates a "continuing duty" to notify the Court of facts relevant to a determination that "one or more pending civil . . . cases should be heard by the same Judge in order to avoid unnecessary duplication of judicial effort" and provides that "[a]s soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned." Local Civil Rule 1.6(a). "If counsel fails to comply with Local Civil Rule 1.6(a), the Court may assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business." Local Civil Rule 1.6(b).

In addition, Division of Business Rule 13(a)(1) provides that "a civil case . . . will be deemed related to one or more civil cases . . . when the interests of justice and efficiency will be served" and sets forth the criteria for determining relatedness, including "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Division of Business Rule 13(b)(3) provides that a party other than the one that filed the case, such as Defendants here, may request transfer to the Judge who is presiding over the earlier case that the party contends is related.

## Argument

A plain reading of the two complaints reveals that they allege the same facts, name the same parties and witnesses, and assert the same causes of action. Both actions also involve the same attorneys. Indeed, the Later Filed Case overlaps entirely in all material respects with the Earlier File Case. The only difference is that the Later Filed Case asserts fewer causes of action and names additional defendants, whom Judge Halpern either already dismissed from the Earlier Filed Case or, for various reasons, did not permit to be named as defendants. Thus, it appears that the Later Filed Case is merely Plaintiff's transparent attempt to circumvent Judge Halpern's rulings in the Earlier Filed Case.

**Identical Factual Allegations**: Both cases arise out of the same set of operative facts. Specifically, both complaints assert that the cases arise out of Plaintiff's status as a Medicare beneficiary who received inpatient physical rehabilitation therapy at Helen Hayes Hospital ("HHH") beginning on December 6, 2019. [*Compare, e.g.,* 7:20-cv-2331 at ECF 39 ¶¶ 12-15 *with* 7:23-cv-9655 at ECF 4 ¶¶ 5-10.] Both allege that Defendants, who were various medical and administrative staff at HHH, sought to discharge Plaintiff and/or cease her therapy prematurely and without proper discharge planning and written notice as required by New York State Law and Medicare regulations. [*Compare, e.g.,* 7:20-cv-2331 at ECF 39 ¶¶ 1-6; 69-94 *with* 7:23-cv-9655 at ECF 4 ¶¶ 98-175.] Both allege that Defendants improperly initiated a guardianship proceeding in an effort to discharge Plaintiff against the wishes of her healthcare proxies. [*Compare, e.g.,* 7:20-cv-2331 at ECF 39 ¶¶ 160-179 *with* 7:23-cv-9655 at ECF 4 ¶¶ 176-206.] Both allege that Defendants falsely imprisoned Plaintiff by attempting to discharge her without first identifying a proper alternative facility and treatment program. [Compare, e.g., 7:20-cv-2331 at ECF 39 ¶¶ 277-282 with 7:23-cv-9655 at ECF 4 ¶¶ 11; 280-286.] Both allege that Defendants' motive for these actions was to protect another hospital at which Plaintiff treated prior to being admitted to HHH. [*Compare, e.g.,* 7:20-cv-2331 at ECF 39 ¶ 6 *with* 7:23-cv-9655 at ECF 4 ¶ 12.]

Notably, Plaintiff identified the Earlier Filed Case in the civil cover sheet for the Later filed Case; however, despite asserting the same factual allegations in both complaints, she left blank the portion of the civil cover sheet that asks whether the Later Filed Case is the same or "essentially the same" as a previously filed case, nor did she file a statement of related cases. Plaintiff also requested that the Later Filed Case be assigned to a judge in Manhattan rather than White Plains, where the Earlier Filed Case has been pending for over three years. [23-cv-9655 at ECF 2].

**Identical Parties**: The Later Filed Case names as defendants the same parties that Plaintiff either named or attempted to name in the Earlier Filed Case. Specifically, both cases presently name as defendants Dr. Glenn Seliger, Kathleen Martucci, and Jackie Velez.

The Later Filed Case also names Dr. Marjorie King, HHH's former Chief Medical Officer, in her individual capacity. Plaintiff had named Dr. King in her official capacity in the Earlier Filed Case, but Judge Halpern granted Defendants' motion to substitute Dr. King after her retirement in accordance with Fed. R. Civ. P. 25(d) [7:20-cv-2331 at ECF 146] and denied Plaintiff's motions to name Dr. King in her individual capacity [7:20-cv-2331 at ECF 146, 147, 148, 203].

Plaintiff also named Defendant Edmund Coletti, the CEO of HHH, in the First Amended Complaint in the Earlier Filed Case [7:20-cv-2331 at ECF 19], but voluntarily dropped him when she filed her Second Amended Complaint [7:20-cv-2331 at ECF 39]. Plaintiff then unsuccessfully

attempted to re-name Mr. Coletti by three additional separate motions, each of which Judge Halpern denied [7:20-cv-2331 at ECF 146, 147, 203].

The Later Filed Case also names Yvonne Evans, HHH's then-Director of Nursing Rehabilitation. As with Mr. Coletti, Plaintiff also repeatedly attempted to name Ms. Evans in the Earlier Filed Case, and Judge Halpern also thrice rejected these efforts. [7:20-cv-2331 at ECF 146, 147, 203].

Notably, except for Mr. Coletti, Plaintiff deposed all named defendants in the Later Filed Case during discovery in the Earlier Filed Case, and those depositions covered the same factual allegations asserted in the Later Filed Case.

**Identical Claims and Prayer for Relief**: Although the Earlier Filed Case contains more individual causes of action, both cases assert identical claims. Specifically, the Later Filed Case asserts three causes of action for deprivation of Plaintiff's constitutional right to appropriate therapy services (Count 1); deprivation of her constitutional right to medical decision making (Count II); and false imprisonment (Count III). These causes of action correspond directly with Counts IV-V, Count II, and Count VII, respectively, in the Earlier Filed Case. The forms of relief requested in the Later Filed Case all are also requested in the Earlier Filed Case, including compensatory damages, punitive damages, and attorney's fees.

### Conclusion

Based on the foregoing, Defendants respectfully request that the Later Filed Action of *Murango v. Coletti, et al*, 23-cv-9655 (NSR), be reassigned to Judge Halpern, who is already fully familiar with the parties, the facts and applicable law involved in both lawsuits.

Respectfully submitted,

*/s/ Daniel S. Moretti*
Daniel S. Moretti

cc:   *Via ECF*

Thuy Q. Pham, Esq.

4880-7656-5396v.1