UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDNA SILAS MARUNGO,

                      Plaintiff,

-against-

EDMUND COLETTI, et al.,

                      Defendants.

**OPINION AND ORDER**

23-CV-09655 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Edna Silas Marungo ("Plaintiff") brings this action for compensatory and punitive damages against Edmund Coletti, Kathleen Martucci, Marjorie King, M.D., Glenn Seliger, M.D., Yvonne Evans, and Jacqueline Velez (collectively, "Defendants") alleging claims under 42 U.S.C. § 1983 in connection with, *inter alia*, the termination of intensive therapy services and discharge from Helen Hayes Hospital ("HHH"), an inpatient rehabilitation facility ("IRF").[1] (Doc. 4, "AC").

Defendants move to dismiss the two remaining claims alleged in the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 23; Doc. 24; Doc. 25, "Def. Br."). Plaintiff filed opposition (Doc. 28, "Pl. Br."), Defendants filed their reply papers (Doc. 26; Doc. 27, "Reply"), and Plaintiff thereafter filed sur-reply with the Court's leave (Doc. 32, "Sur-Reply").[2]

---

[1] Plaintiff also brought three state law claims, but pursuant to Plaintiff's written and oral representation on the record, the Court dismissed without prejudice the Third through Fifth Claims for Relief alleged in the Amended Complaint on consent of Plaintiff. (Doc. 22).

[2] After the motion was fully briefed and *sub judice*, Plaintiff filed a letter advising the Court of another action filed by Plaintiff in the Eastern District of New York appealing the June 27, 2024 decision from the Medicare Appeals Council related to Plaintiff's stay at HHH. (Doc. 33). Plaintiff, in that "informational" letter is further advancing arguments she raised in her opposition to Defendants' pending motion to dismiss. (*Id.*). The Court therefore rejects the letter as impermissible sur-reply, because Plaintiff neither sought nor received permission from the Court to file additional sur-reply. *See, e.g.*, *Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12-CV-08060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) ("[S]upplementary filings require leave of the court.").

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

I.    The *Doe* Action

On March 16, 2020, Plaintiff commenced an action in this Court under pseudonym entitled *Jane Doe v. Helen Hayes Hospital, et al.*, Docket No. 20-CV-02331 (the "*Doe* action"). (*Doe* Doc. 1).[3] She filed an Amended Complaint on June 10, 2020 (*Doe* Doc. 19), and a Second Amended Complaint on August 20, 2020 (*Doe* Doc. 39). She pressed, in the Second Amended Complaint, twelve claims for relief against Dr. Marjorie King, Kathleen Martucci, Glenn M. Seliger, Jacqueline Velez, Linda Egenes, John Mathew, Christine Kehoe, Rosemary Galvin (collectively, the "*Doe* Defendants"), and the Estate of Kwang ("Ed") Ng. (*Id.*). Plaintiff had named Edmund Colletti as a defendant in the Amended Complaint but dropped her claims against him when she filed the Second Amended Complaint. (*Compare Doe* Doc. 19, *with Doe* Doc. 39). Defendant Marjorie King, M.D. was substituted under Federal Rule of Civil Procedure 25(d) with Glenn M. Seliger in his official capacity. (*Doe* Doc. 146). After the close of discovery, Plaintiff sought the Court's leave to file a third amended complaint, which the Court denied for the reasons set forth in an Order dated December 16, 2022. (*Doe* Doc. 147). Plaintiff then requested leave to add Edmund Colletti, Dr. Marjorie King, and Yvonne Evans as defendants, which the Court denied for the reasons explained in its December 30, 2022 Order. (*Doe* Doc. 150).

The Second Amended Complaint pressed the following claims: (1) "Deprivation of Liberty Interest in Discharge Planning"; (2) "Deprivation of Liberty Interest in Medical Information Necessary for Making an Informed Decision"; (3) "Deprivation of Property Interest in a Discharge Memorialization"; (4) "Deprivation of Liberty Interest in Medical Care"; (5) "Deprivation of

---

[3] Citations to "*Doe* Doc. ___" are references to the electronic docket in the *Doe* action.

Property Interest in an Intensive Rehabilitative Therapy Level of Care"; (6) "Deprivation of Liberty Interest Caused by Unreasonable Search of Private Records"; (7) false imprisonment; (8) malicious prosecution; (9) abuse of process; (10) aiding and abetting; (11) conspiracy; and (12) "Indivisible Harm by Separate Tortfeasors." (*Doe* Doc. 39). The gravamen of Plaintiff's First through Sixth Claims for Relief was procedural and substantive due process violations, and six state law claims, arising out of her stay at and discharge from HHH. (*Id.*).

On February 28, 2024, the Court entered an Opinion and Order that granted the *Doe* Defendants' motion for summary judgment, denied Plaintiff's motion for summary judgment, and dismissed this action ("Summary Judgment Opinion and Order"). (*Doe* Doc. 225).[4] The Court found that the First through Fifth Claims for Relief arose under the Medicare Act despite being pled as due process claims because, among other things, the claims alleged that the defendants violated Medicare regulations and denied her medical care for the purpose of harming her financial interests. (*Id.* at 9-11). The Court held that "[q]uite clearly, the thrust of these claims are claims for benefit payments to cover the cost of her stay at HHH when her coverage ceased and for further Medicare benefits in the form of further intensive therapy." (*Id.* at 10). The Court held that it lacked subject matter jurisdiction over Plaintiff's procedural and substantive due process claims. (*Id.* at 15).

Plaintiff also made two motions for sanctions, moved for reconsideration of the Summary Judgment Opinion and Order, and sought this Court's recusal. (*Doe* Docs. 204, 207, 230, 246). On June 17, 2024, the Court denied Plaintiff's recusal motion. (*Doe* Doc. 250). On December 16, 2024, the Court issued an Opinion and Order that largely denied Plaintiff's motions for reconsideration and sanctions, but granted the motion for reconsideration to the extent of

---

[4] This decision is also available on commercial databases. *See Doe v. Martucci*, No. 20-CV-02331, 2024 WL 839258 (S.D.N.Y. Feb. 28, 2024).

3

modifying the Summary Judgment Opinion and Order to reflect the Court's determination that the First through Fifth Claims for Relief alleged in Plaintiff's Second Amended Complaint be dismissed without prejudice ("Reconsideration Opinion and Order"). (*Doe* Doc. 261). The Court reiterated in the Reconsideration Opinion and Order that it lacked subject matter jurisdiction over Plaintiff's claims because they were essentially disguised Medicare disputes and Plaintiff had not exhausted her administrative remedies. (*Id*. at 6-9). Plaintiff thereafter filed a notice of appeal. (*Doe* Doc. 263).

II.     The Instant Action

On November 2, 2023, while the parties' cross-motions for summary judgment and Plaintiff's motions for sanctions were pending in the *Doe* action, Plaintiff commenced the instant action. (*See* Doc. 1). She brought this action against Defendant Edmund Coletti, who was HHH's Chief Executive Officer; Kathleen Martucci, who was HHH's Chief Operating Officer; Dr. Marjorie King, who was its Chief Medical Officer; Dr. Glenn Seliger, a licensed physician; Yvonne Evans, a licensed registered nurse; and Jacqueline Velez, a licensed physical therapist. (AC ¶¶ 20, 21, 24, 30, 34, 35, 38, 39, 44, 45, 128-131).

Plaintiff alleges that on January 27, 2020, HHH notified her sister and her son ("Plaintiff's Agents") verbally that Plaintiff would be discharged from HHH on January 29, 2020. (*Id.* ¶¶ 112, 120). Plaintiff's Agents advised HHH that they filed a discharge appeal. (*Id.* ¶ 121). Plaintiff's appeal was denied on February 14, 2020 and she was notified that her Medicare coverage for her stay at HHH would cease on February 15, 2020, because she "had Adequate time in Acute Rehabilitation with little progress and the Transfer to Skilled Nursing Facility is now Appropriate. Discharge is appropriate at this time." (*Id.* ¶¶ 134-135). The initial determination that denied

4

Medicare coverage for Plaintiff's continuous stay at HHH was affirmed on reconsideration issued on February 20, 2020. (*Id*. ¶¶ 139, 142, 146, 147).

HHH discontinued delivering an IRF level of care to Plaintiff on February 21, 2020 and instead began providing a lower level of care designed to maintain her current level of function. (*Id*. ¶¶ 207-209). Between February 21, 2020 and June 10, 2020, Plaintiff's Agents repeatedly conveyed that Plaintiff's Agents did not grant consent to the reduced level of therapy that HHH was delivering to Plaintiff. (*Id*. ¶ 213).

Plaintiff's Agents, in February 2020, provided Defendant Dr. Seliger with a disc containing medical records from a different facility that documented critical illness myopathy/neuropathy ("CIM"), brain injury, and the effects of antiseizure medications as possible conditions that Plaintiff suffered. (*Id.* ¶ 169). Dr. Seliger did not document CIM or the effects of antiseizure medications as possible diagnoses for Plaintiff in his admission or discharge records for Plaintiff. (*Id*. ¶¶ 171, 173). Instead, Defendant Dr. Seliger asserted to Plaintiff's Agents that brain injury was the sole contributor to Plaintiff's debilitating weakness. (*Id*. ¶ 174). Between February 6, 2020 and June 10, 2020, Plaintiff's Agents repeatedly conveyed that they did not grant consent to treating brain injury as the sole contributor to Plaintiff's debilitating weakness. (*Id.* ¶ 175). On June 10, 2020, Plaintiff was discharged from HHH. (*Id.* ¶ 220).

Plaintiff alleges that based upon the foregoing, she was deprived of her "Fourteenth Amendment protected interest" in receiving necessary therapy services and in medical decision making, at least in part because "Defendants anticipated any further necessary therapy services delivered to Plaintiff by HHH's IRF would not be covered by Medicare or any other insurer." (*Id*. ¶¶ 237, 239, 252-278).

5

Defendants now move to dismiss this action on the grounds that collateral estoppel precludes Plaintiff from litigating the same issues raised and decided in the *Doe* action; that even absent collateral estoppel, the Court lacks subject matter jurisdiction; that in any event, Plaintiff's claims are time-barred; and that Plaintiff fails to state a claim for relief. (*See generally* Def. Br.).

## STANDARD OF REVIEW

I. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action "when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[5] "The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). When deciding a Rule 12(b)(1) motion, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Id*. at 143. In general, "[w]here, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)). There are, of course, exceptions to this general rule; and this case presents one of these exceptions. Unlike a Rule 12(b)(6) motion, the Court, in deciding a Rule 12(b)(1) motion, "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Indeed, on such a motion, the Court "may consider affidavits and other materials

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

6

beyond the pleadings to resolve the jurisdictional issue," along with "matters of which judicial notice may be taken." *Malloy v. Pompeo*, No. 18-CV-04756, 2020 WL 5603793, at *8 (S.D.N.Y. Sept. 18, 2020).

II.     Federal Rule of Civil Procedure 12(b)(6)

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

**ANALYSIS**

Defendants first argue that collateral estoppel applies to preclude Plaintiff from relitigating the issue of subject matter jurisdiction in this action. Collateral estoppel is an affirmative defense that may be raised on a motion to dismiss pursuant to Rule 12(b)(6). *See Austin v. Fischer*, 453 F. App'x 80, 82 (2d Cir. 2011); *Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003). As noted *supra*, courts generally resolve a defendant's challenge under Rule 12(b)(1) first before addressing any grounds asserted pursuant to Rule 12(b)(6). The jurisdictional question in this case—whether the Court has subject matter jurisdiction over Plaintiff's claims—may, however, be subsumed in Defendants' motion to dismiss under Rule 12(b)(6) if the Court first finds that application of collateral estoppel operates to bar this action. Accordingly, the Court first addresses Defendants' collateral estoppel argument under Rule 12(b)(6). *See Berkovitz v. Vill. of S. Blooming Grove*, No. 09-CV-00291, 2010 WL 3528884, at *6 (S.D.N.Y. Sept. 3, 2010) ("In this case, prudent case management dictates that the Court turn first to the Rule 12(b)(6) motion."); *Waldman v. Escobar*, No. 08-CV-06405, 2009 WL 861068, at *3 (S.D.N.Y. Mar. 27, 2009) (addressing first the defendant's arguments under Rule 12(b)(6) before the defendant's jurisdictional arguments).

"Dismissal under Rule 12(b)(6) is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." *Wachtmeister*, 59 F. App'x at 429.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). "Collateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue

was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id*. at 288-89. Collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Defendants argue that collateral estoppel applies to the issue of subject matter jurisdiction. Specifically, they argue Plaintiff is precluded from arguing that this Court has subject matter jurisdiction over Plaintiff's claims in this action because the Court found in the *Doe* action that Plaintiff's claims arose out of the Medicare Act, despite being pled as constitutional violations, and she failed to exhaust her administrative remedies thereunder. (Def. Br. at 10-14). The Court agrees that the identical issues are raised here. Indeed, Plaintiff's Amended Complaint is based on exactly the same factual allegations as the *Doe* action and reasserts claims that were previously asserted. Like the *Doe* action, Plaintiff alleges that this case concerns her status as a Medicare beneficiary who received IRF therapy at HHH beginning on December 6, 2019. (*Doe* Doc. 39 ¶¶ 12-15; AC ¶¶ 5-10). Plaintiff alleges in both actions that Defendants sought to discharge Plaintiff and/or cease her therapy prematurely and without proper discharge planning and written notice as required by New York State Law and Medicare regulations. (*Doe* Doc. 39 ¶¶ 1-6, 69-94; AC ¶¶ 98-175). Plaintiff maintains in both actions that Dr. Seliger refused Plaintiff's Agents' request to include Plaintiff's prior diagnosis of CIM and the effects of her prior treatment with antiseizure medications as factors relevant to her medical needs in HHH's discharge records. (*Doe* Doc. 39 ¶¶ 6, 61, 132-136, 233-240; AC ¶¶ 167-176, 230, 234). Plaintiff alleges that Defendants improperly initiated a guardianship proceeding and falsely imprisoned Plaintiff. (*Doe* Doc. 39 ¶¶ 160-179, 277-282; AC ¶¶ 11, 176-206). The First through Fifth Claims for Relief in the Second Amended

Complaint in the *Doe* action and the claims for relief alleged in this action sound in deprivation of a protected interest in receiving necessary therapy services and medical decision making. (*Doe* Doc. 39 ¶¶ 227-263; AC ¶¶ 252-278).

Moreover, whether the Court has subject matter jurisdiction over the claims alleged in the instant action require the Court to assess whether the claims arise out of the Medicare Act and if so, whether Plaintiff exhausted administrative remedies prior to commencing an action in federal court. *Retina Grp. of New England, P.C. v. Dynasty Healthcare, LLC*, 72 F.4th 488, 495 & n.2 (2d Cir. 2023) (The Court's first inquiry with respect to Plaintiff's claims for relief is whether they "'arise[ ] under' the Medicare Act such that Section 405(h)'s administrative channeling requirement applies." If the first inquiry is answered in the affirmative, the Court must determine whether Plaintiff has satisfied the channeling requirements by properly presenting the claim and exhausting the appropriate administrative channels). Simply put, the two cases share the same controlling facts and law. *See Ferring B.V. v. Serenity Pharms., LLC*, No. 17-CV-09922, 2019 WL 7283272, at *10 (S.D.N.Y. Dec. 27, 2019) (citing *Neaderland v. C.I.R.*, 424 F.2d 639, 642 (2d Cir. 1970) ("Collateral estoppel is confined . . . to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.")).

Plaintiff also sues the same defendants in each action: both cases name as defendants Dr. Glenn Seliger, Kathleen Martucci, Jackie Velez, and Dr. Marjorie King (who was substituted after her retirement with Dr. Glenn Seliger) (*Doe* Doc. 39 at 1; *Doe* Doc. 146; AC at 1); Plaintiff had named Edmund Colletti in an earlier pleading in the *Doe* action (*see Doe* Doc. 19), then voluntarily withdrew her claims against him when she filed the Second Amended Complaint in the *Doe* action. Yvonne Evans was not originally named as a defendant in the *Doe* action, though Plaintiff did seek

to add her as a defendant in a proposed third amended complaint after summary judgment premotion practice was underway. (*See Doe* Docs. 147, 150). Regardless, even defendants not named in the prior action can be entitled to collateral estoppel protection because the "[d]efensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely switching adversaries." *Bersoum v. Aboteat*, 568 F. Supp. 3d 443, 453 (S.D.N.Y. 2021) (court precluded, on former adjudication grounds, from reconsidering subject matter jurisdiction over plaintiffs' claims against defendants not named in prior suit).

Defendants argued in their summary judgment briefing in the *Doe* action that the Court lacked subject matter jurisdiction over the First through Fifth Claims for Relief because the claims arose under the Medicare Act and Plaintiff had not exhausted her administrative remedies. (*See, e.g.*, *Doe* Doc. 185 at 10-16). Plaintiff fully litigated this issue (*see Doe* Doc. 189 at 11-13; *Doe* Doc. 192 at 6-7), and the Court found, in the Summary Judgment Opinion and Order, that although the First through Fifth Claims for Relief in the *Doe* action "are labeled as constitutional due process claims, they are, in fact, claims for further Medicare benefits" and therefore arise under the Medicare Act. (*Doe* Doc. 225 at 11). The Court is therefore precluded from reconsidering its subject matter jurisdiction over Plaintiffs' claims.[6]

To the extent Plaintiff argues that the Summary Judgment Opinion and Order (Doc. 225) and attendant Judgment (Doc. 227) did not constitute a final judgment for collateral estoppel purposes (*see* Pl. Br. at 6 (citing *Doe* Doc. 230)), "[a] district court judgment is 'final' for purposes of res judicata even if a Rule 59(e) motion or an appeal from that judgment is pending." *McCluskey v. Roberts*, No. 19-CV-02386, 2020 WL 2523038, at *5 (E.D.N.Y. May 18, 2020) (collecting

---

[6] The Court notes further that Plaintiff's motion for reconsideration in the *Doe* action raised these same issues, again arguing in sum and substance that her claims did not arise under the Medicare Act and the Court therefore had subject matter jurisdiction to consider the merits of her claims. (*Doe* Docs. 231, 242). The Court thoroughly analyzed Plaintiff's arguments in the Reconsideration Opinion and Order.

11

cases), *aff'd*, 2022 WL 2046079 (2d Cir. June 7, 2022). In any event, the Court has ruled on Plaintiff's motion for reconsideration (as well as her sanctions motions which persisted in raising previously rejected arguments) and reaffirmed its holding concerning Medicare exhaustion and lack of subject matter jurisdiction. (*Doe* Doc. 261 at 6-11). There can be no dispute that identical issues were raised, litigated, and decided in the *Doe* action; that the parties had a full and fair opportunity to litigate those issues; and that the resolution of those issues was necessary to support a valid and final judgment that the Court lacked subject matter jurisdiction over Plaintiff's claims.

Under these circumstances, collateral estoppel applies, and the Court is precluded from reconsidering its subject matter jurisdiction over Plaintiff's claims herein.

Even if collateral estoppel did not apply, the Amended Complaint would be dismissed under Rule 12(b)(1) for the same reasons summary judgment in the *Doe* Defendants' favor was appropriate on the First through Fifth Claims for Relief alleged in the *Doe* action. Because—as discussed at length *supra*—the facts, claims, and law are identical, the exercise of subject matter jurisdiction would be inappropriate in this case as well. Specifically, Plaintiff's claims for relief are disputes with the Secretary of Health and Human Services ("HHS") disguised as constitutional claims, and arise out of the Medicare Act, despite being pled as due process claims. As is relevant here, claims alleging that Medicare regulations were "misapplied or ignored" arise under the Medicare Act and are subject to the exhaustion requirement. *Caremark Therapeutic Servs. v. Thompson*, 244 F. Supp. 2d 224, 227 (S.D.N.Y.), *aff'd*, 79 F. App'x 494 (2d Cir. 2003); *see also Abbey v. Sullivan*, 788 F. Supp. 165, 170 (S.D.N.Y.), *aff'd*, 978 F.2d 37 (2d Cir. 1992). Plaintiff alleges that she was deprived of rights under Medicare regulations and state law to further intensive therapy services and to a discharge plan that included her history of CIM and the effects of her prior treatment with antiseizure medications, at least in part, because "Defendants anticipated any

further necessary therapy services delivered to Plaintiff by HHH's IRF would not be covered by Medicare or any other insurer." (*Id.* ¶¶ 237, 239, 252-278). Plaintiff failed to exhaust administrative remedies prior to commencing this suit (*see* Doc. 26-1 (Medicare Appeals Council ("MAC") decision dated June 27, 2024)), and she has not cured the jurisdictional defect. *See, e.g., Black v. Sec'y of Health & Hum. Servs.*, 93 F.3d 781, 790 (Fed. Cir. 1996) ("[D]efects in a plaintiff's case—even jurisdictional defects—can be cured while the case is pending if the plaintiff *obtains leave to file a supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect*." (emphasis added)).

Even if the MAC decision sufficiently cured the jurisdictional defect on these claims and Plaintiff has sought leave to amend, Defendants are not the proper parties to Medicare dispute—the Secretary of HHS, in an official capacity, is the proper defendant. 42 C.F.R. § 405.1136. Separately, as the facts, claims, and law are identical to the *Doe* action, even if the Court had subject matter jurisdiction over Plaintiff's claims in this case, they do not plausibly allege a viable procedural or substantive due process violation for the same reasons expressed by the Court in the Reconsideration Opinion and Order.[7]

---

[7] Given the conclusions reached herein, the Court need not and does not reach the balance of Defendants' arguments for dismissal.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 23), and to close this case.

SO ORDERED.

Dated: White Plains, New York
February 20, 2025

_____
Philip M. Halpern
United States District Judge