UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDNA SILAS MARUNGO,

                          Plaintiff,

-against-

EDMUND COLETTI, et al.,

                          Defendants.

**OPINION AND ORDER**

23-CV-09655 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Edna Silas Marungo ("Plaintiff") brought this action for compensatory and punitive damages against Edmund Coletti, Kathleen Martucci, Marjorie King, M.D., Glenn Seliger, M.D., Yvonne Evans, and Jacqueline Velez (collectively, "Defendants") alleging claims under 42 U.S.C. § 1983 in connection with, *inter alia*, the termination of intensive therapy services and discharge from Helen Hayes Hospital ("HHH"), an inpatient rehabilitation facility ("IRF").[1] (Doc. 4, "AC"). On February 20, 2025, the Court entered an Opinion and Order granting Defendants' motion to dismiss the Amended Complaint ("Opinion and Order"). (Doc. 35).[2]

On March 20, 2025, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60 for reconsideration of the Opinion and Order. (Doc. 37; Doc. 38, "Pl. Br."). Defendants opposed (Doc. 38), and Plaintiff filed a reply (Doc. 40).

For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

---

[1] The Court assumes the parties' familiarity with the underlying procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Opinion and Order.

[2] This decision is also available on commercial databases. *See Marungo v. Coletti*, No. 23-CV-09655, 2025 WL 563934 (S.D.N.Y. Feb. 20, 2025).

**STANDARD OF REVIEW**

I.       Federal Rules of Civil Procedure 59(e) and 60

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a reconsideration] motion is strict.").[3] "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST*, 597 F. Supp. 2d at 365 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). "It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Murray v. Dutcavich*, No. 17-CV-09121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020) ("Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided.").

"Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). Motions for reconsideration "must be narrowly construed and

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Limitations on motions for reconsideration ensure finality and "prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (quoting *Lewis v. New York Tel.*, No. 83-CV-07129, 1986 WL 1441 (S.D.N.Y. Jan. 29, 1986)).

## ANALYSIS

Plaintiff argues that the Court erred in holding that collateral estoppel applied so as to preclude reconsideration of its subject matter jurisdiction over Plaintiff's claims herein. Specifically, she argues that collateral estoppel cannot apply because this Court dismissed the First through Fifth Claims for Relief alleged in the *Doe* action for lack of subject matter jurisdiction, so the Court did not "actually decide" the question of her purported protections under *Society for Good Will v. Cuomo*, 737 F.2d 1239, 1246 (2d Cir. 1984), and "in relation to informed consent." (Pl. Br. at 3-6). She also argues that the Court erred in its alternative holding that even if collateral estoppel did not apply, the Amended Complaint would be dismissed for the same reasons as the First through Fifth Claims for Relief alleged in the *Doe* action, because Plaintiff's claims arise out of the Medicare Act, despite being pled as due process claims. (Pl. Br. at 5-7).

Plaintiff's motion for reconsideration repeats the same arguments she made in her opposition to the motion to dismiss, which are the same arguments the Court considered and rejected by way of the excessive motion practice in the *Doe* action. Plaintiff, through this motion for reconsideration, attempts to relitigate whether her Fourteenth Amendment claims actually "arise under" the Medicare Act. As thoroughly discussed in the Opinion and Order, Plaintiff fully

litigated in the *Doe* action the issue of whether her claims—despite being labeled as constitutional due process claims—arose under the Medicare Act. (Doc. 35 at 9-11). She argued this issue as well on reconsideration, which the Court addressed in a fulsome Opinion and Order which has since been affirmed by the Second Circuit.[4] Instead of addressing her burden of proof on a motion for reconsideration, Plaintiff rehashes the same arguments she has now presented this Court—and the Second Circuit—in two separate litigations since March 16, 2020. Plaintiff has not presented any controlling decisions or data that the Court overlooked in reaching its conclusion. It is clear that Plaintiff disagrees with the result the Court reached, but her disagreement is insufficient to warrant reconsideration.

Accordingly, Plaintiff's motion for reconsideration is denied.[5]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 37).

SO ORDERED.

Dated: White Plains, New York
      January 14, 2026

_____
Philip M. Halpern
United States District Judge

---

[4] *See Doe v. Martucci*, No. 20-CV-02331, 2024 WL 5118505 (S.D.N.Y. Dec. 16, 2024), *aff'd sub nom. Doe v. Seliger*, No. 25-159-CV, 2025 WL 3637085, at *1 (2d Cir. Dec. 16, 2025).

[5] Given the Court's conclusion herein that reconsideration of its Opinion and Order dismissing this action is not warranted, it need not and does not reach Plaintiff's request for leave to file a second amended complaint.